Arnold D. Larson, Esq., CSB No. 77118
alarson@lgl-law.com
Mary P. Lightfoot, Esq., CSB No. 137477
mlightfoot@lgl-law.com
LARSON, GARRICK & LIGHTFOOT, LLP
633 W. Fifth Street, Suite 1750
Los Angeles, California 90071
Tel.: (213) 404-4100 - Fax: (213) 404-4123

Attorneys For Defendants BRIDGESTONE AMERICAS, INC.; BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; and BRIDGESTONE RETAIL OPERATIONS, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALBRECHT,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICAS, INC., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, BRIDGESTONE RETAIL OPERATIONS, LLC, BFS RETAIL & COMMERCIAL OPERATIONS, LLC, FIRESTONE TIRE CO., FIRESTONE RUBBER, FIRESTONE TIRE & SERVICE CENTERS, and DOES 1 to 20, Inclusive,<br><br>Defendants. | CASE NO.: 2:10-CV-03236-FCD-GGH<br><br>[Hon. Frank C. Damrell, Jr.]<br><br>(Removed from Solano County Superior Court, Case No. FCS 036269; The Hon. Ramona J. Garrett, presiding, Dept 09)<br><br>**STIPULATION AND PROTECTIVE ORDER RE: PRESERVATION AND INSPECTION OF PHYSICAL EVIDENCE**<br><br>Complaint Filed:   July 23, 2010<br>Trial Date:             None |

Defendants BRIDGESTONE AMERICAS, INC., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, AND BRIDGESTONE RETAIL OPERATIONS, LLC ("Defendants") and Plaintiff THOMAS ALBRECHT ("Plaintiff"), by and through their respective legal counsel, seek to obtain a Protective Order pertaining to certain physical evidence in this case, and hereby agree and stipulate as follows:

1 **WHEREAS** counsel for Plaintiff is currently in possession, custody and control of certain physical evidence at-issue in this matter, including but not limited to, the subject vehicle, subject trailer, and the subject vehicle's tires, corresponding wheels/rims and valve stems, including the subject left front tire as referenced in Plaintiff's state court Form Complaint (collectively referred to herein as "Physical Evidence").

**WHEREAS** Defendants desire to conduct a custodial inspection of the tires that are the subject of this litigation and any corresponding wheels and related tread pieces.

**IT IS THEREFORE AGREED** that a Protective Order should be made as follows:

1. That Plaintiff shall release custody of the subject left front tire that is the subject of this litigation and its corresponding wheel and all related tread pieces ("Physical Tire Evidence") to counsel for Defendants, who shall be allowed to retain the Physical Tire Evidence for a period of 90 days, during which time Defendants shall maintain said Physical Tire Evidence in an unaltered state, and no destructive testing shall be conducted during such time.  Defendants shall return said Physical Tire Evidence to counsel for Plaintiff at the end of such time period, except upon a reasonable extension mutually agreed to by counsel for all parties.  Should Defendants request a similar inspection of the subject tire's companion tires and wheels, it is agreed that they can conduct a similar custodial inspection pursuant to the terms and conditions of this Stipulation and Order.

2. That at all times while the Physical Evidence is in the possession, custody or control of Plaintiff, or any person under the control of Plaintiff, or any other party to this action, or any person under their control, said Physical Evidence shall not be destroyed, altered, or changed in condition except as described in the following paragraphs.

3. That should any party to this action, or any person under their

1  control, as part of a proposed examination of the subject Physical Evidence,
2  anticipate that their examination will destroy, alter, or otherwise change the
3  condition of the subject Physical Evidence, then such party, for themselves or
4  those under their control, shall provide notice of the proposed examination to all
5  other parties to this action by providing the manner in which the subject Physical
6  Evidence is anticipated to be destroyed, altered or changed.

7      4.    That notice of a proposed examination in which it is anticipated that
8  destruction, alteration, or change in the condition of the subject Physical Evidence
9  be in writing and shall be provided 30 days in advance of the proposed
10 examination in order to provide the other parties an opportunity to challenge the
11 intended examination by obtaining a Protective Order. If an Application or
12 Motion for a Protective Order is filed, the proposed examination shall not take
13 place until such time as the Court has had the occasion to rule on said Motion.
14 Nothing shall prevent the parties from stipulating in writing to an examination
15 that will destroy, alter or change the condition of the physical evidence upon such
16 terms as the parties may agree.

17     5.    That all parties, along with one of their consultants, shall have the
18 right to attend and videotape any examination in which it is anticipated that the
19 subject Physical Evidence shall be destroyed, altered or changed in condition,
20 whether said examination takes place by stipulation, court Order or by permitting
21 the 30 day notice period to lapse.

22     6.    That should Plaintiff release said Physical Evidence to any other
23 party or person under the control of another party, 10 days written notice shall be
24 provided to all parties by Plaintiff before releasing such Physical Evidence.
25 Written notice to all parties shall also be provided by Plaintiff when the physical
26 evidence is returned.

27     7.    That no party shall release the subject Physical Evidence to any other
28 party or person who has not signed this Stipulation and Order without first

1 obtaining written acknowledgement from said person that he or she has read this
2 Stipulation and Order and agrees to be bound by it, and that said written
3 acknowledgement, and notice of release of the subject physical evidence shall be
4 provided to all parties.

5 **IT IS SO AGREED AND STIPULATED:**

7 DATED: February ___, 2011          LAW OFFICES OF NICK A. HANEY

9                                    By: _____
10                                       R. NICHOLAS HANEY
                                         Attorney for Plaintiff THOMAS
11                                       ALBRECHT

13 DATED: February ___, 2011          LARSON, GARRICK & LIGHTFOOT, LLP

15                                    By: _____
16                                       MARY P. LIGHTFOOT
                                         Attorney for Defendants
17                                         BRIDGESTONE AMERICAS, INC.,
                                           BRIDGESTONE AMERICAS TIRE
18                                         OPERATIONS, LLC, and
                                           BRIDGESTONE RETAIL
19                                         OPERATIONS, LLC

21 **IT IS SO ORDERED.**

22 DATED: February 14, 2011

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE