Arnold D. Larson, Esq., CSB No. 77118
alarson@lgl-law.com
Mary P. Lightfoot, Esq., CSB No. 137477
mlightfoot@lgl-law.com
LARSON, GARRICK & LIGHTFOOT, LLP
633 W. Fifth Street, Suite 1750
Los Angeles, California 90071
Tel.:  (213) 404-4100 - Fax:  (213) 404-4123

Attorneys For Defendants BRIDGESTONE
AMERICAS, INC.; BRIDGESTONE AMERICAS
TIRE OPERATIONS, LLC; and BRIDGESTONE
RETAIL OPERATIONS, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALBRECHT,<br><br>                              Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICAS, INC.,<br>BRIDGESTONE AMERICAS TIRE<br>OPERATIONS, LLC,<br>BRIDGESTONE RETAIL<br>OPERATIONS, LLC, BFS RETAIL &<br>COMMERCIAL OPERATIONS, LLC,<br>FIRESTONE TIRE CO., FIRESTONE<br>RUBBER, FIRESTONE TIRE &<br>SERVICE CENTERS, and DOES 1 to<br>20, Inclusive,<br><br>                              Defendants. | CASE NO.:  2:10-CV-03236-FCD-GGH<br><br>[Hon. Frank C. Damrell, Jr.]<br><br>(Removed from Solano County Superior<br>Court, Case No. FCS 036269; The Hon.<br>Ramona J. Garrett, presiding, Dept 09)<br><br>**STIPULATION AND PROTECTIVE<br>ORDER FOR BUSINESS,<br>TECHNICAL AND<br>COMMERCIALLY -SENSITIVE<br>INFORMATION**<br><br>Complaint Filed:    July 23, 2010<br>Trial Date:             None |

## STIPULATION AND PROTECTIVE ORDER (BUSINESS, TECHNICAL AND COMMERCIALLY -SENSITIVE INFORMATION)

During the course of discovery, Defendants BRIDGESTONE AMERICAS, IINC., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC and/or BRIDGESTONE RETAIL OPERATIONS, LLC (hereafter "producing party") may produce information, to include documents and testimony containing information, which is proprietary as sensitive business, commercial or other

technical information, the uncontrolled release of which would cause the producing party competitive harm.  Accordingly, in order to facilitate this discovery while protecting the producing party's proprietary interests the parties to this litigation **STIPULATE TO AND REQUEST THE COURT'S APPROVAL OF THE TERMS AND CONDITIONS BELOW:**

**I.**

A.   The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, technical and other commercially sensitive information, and/or personal information about third-parties, and that the producing party has a protected proprietary and property interest in those materials, or otherwise has an interest in preventing the dissemination of information about third-parties.

B.   If the producing party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, the producing party may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.D, below, relying on the terms of this Non-Sharing Protective Order ("Protective Order") in producing that information.  Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to this Protective Order.  This Protective Order also shall apply to the specific pages and lines from oral depositions as well as any discovery responses, designated as "CONFIDENTIAL" by the producing party in accordance with Section I.G, below.

C.   When used in this Protective Order, the word "CONFIDENTIAL" means designated research, development, and other technical or other commercially sensitive information of the producing party and/or personal information about third-parties.

D.     When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents, specifications, design drawings, mold drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes, responses to Interrogatories, Requests for Production, Requests For Admission,  or other written discovery, deposition transcripts, documents produced by the producing party to any governmental agency or body such as the National Highway Traffic Safety Administration ("NHTSA") at any time and deemed by that agency or body to be Confidential pursuant to 49 CFR § 512, or other similar regulations, and all other designated tangible items which disclose "CONFIDENTIAL" information, whether produced in hard-copy, on CD-ROMs or DVDs, or any other media. Nothing in this Protective Order, however, shall be interpreted to require the production of any trade secret information as defined in California's Uniform Trade Secrets Act, California Civil Code §3426 et. seq., or otherwise.

E.     The burden of proving the confidential nature of designated information is on the producing party.  Prior to designating any material as "CONFIDENTIAL" and subject to this Protective Order," the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of which would significantly damage the producing party's competitive position or impact the privacy rights of third-parties.

F.     In order to designate a portion of any document or other printed material as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not obscure, or impair the legibility of any information contained within the material, but makes it difficult to remove the designation.  In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," the producing party shall mark the disc, case or envelope

containing the material with the word "CONFIDENTIAL."  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

G.     In the case of a deposition or oral examination, counsel for the producing party may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and designates specific page and line portions of the testimony.  In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony or any parts thereof as "CONFIDENTIAL" upon receipt of the deposition transcript.  After receipt of the final deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 30 days after the producing party's receipt of the written deposition transcript from the court reporter.  Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL."  Any party challenging the "CONFIDENTIAL" designations of the deposition transcripts shall inform the producing party of those specific challenges in writing within 20 day of receiving the designations.  The producing party shall have 20 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript.  The parties stipulate that the court reporter or videographer for any such depositions, who will be given a copy of this Protective Order, and will execute an acknowledgement thereof, shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.H below) any deposition testimony

1  or exhibits in this lawsuit.

2       H.      When used in this Protective Order, the term "COVERED

3  PERSONS" includes only the following: (1) the Court and all Court personnel;

4  (2) the named parties in this litigation; (3) retained counsel for all parties in this

5  litigation, including members of counsel's legal or support staff (e.g., in-house

6  investigators, secretaries, legal assistants, paralegals and law clerks), to the extent

7  reasonably necessary for such persons to render assistance in this litigation; (4)

8  experts retained or consulted by counsel for any party to assist in the preparation,

9  prosecution, or evaluation of this litigation; and (5)  witnesses and the jury in this

10 case.

## II.

12      It is the purpose of this Protective Order is to facilitate the exchange

13 of records and information in discovery.  It governs disclosures to third persons or

14 disclosure of records for discovery motions and discovery proceedings.  Nothing

15 in this Protective Order shall be deemed to preclude any parties' right to oppose

16 discovery on grounds not addressed under the terms of this Protective Order, or to

17 object on any ground to the admission of any CONFIDENTIAL MATERIAL into

18 evidence at trial.

## III.

20      Absent a further order of the Court, those documents marked as

21 "CONFIDENTIAL MATERIAL," as described in Sections I.F and I.G, shall not

22 be used for any purpose other than the prosecution or defense of this captioned

23 action, and shall not be shown, disseminated or disclosed in any manner to anyone

24 other than COVERED PERSONS as defined in Section I.H without the prior

25 written agreement of the producing party or by order of the Court after due notice

26 to the producing party.

## IV.

28      Before showing or divulging any "CONFIDENTIAL MATERIAL" or

**LARSON, GARRICK**
**& LIGHTFOOT, LLP**

STIP AND PROTECTIVE ORDER RE: PRESERVATION AND INSPECTION OF PHYSICAL EVIDENCE

1  "CONFIDENTIAL" information to any COVERED PERSON other than the

2  Court and Court personnel, counsel shall first obtain from each such person a

3  signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A."

4  Counsel shall maintain a list of all such recipients of "CONFIDENTIAL

5  MATERIAL" to whom this paragraph applies and the original of every

6  "WRITTEN ASSURANCE" required pursuant to this paragraph.  At the

7  conclusion of the litigation, the parties shall forward to counsel for the producing

8  party each and every signed "WRITTEN ASSURANCE" and a list of all

9  recipients of "CONFIDENTIAL MATERIALS"; however, with regard to

10  consultant(s) not identified as expert(s) in this matter, counsel need only provide a

11  copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the

12  identity of the consultant(s).

13  **V.**

14      A.    If any "CONFIDENTIAL MATERIAL" is filed with this Court,

15  including any pleading incorporating "CONFIDENTIAL MATERIAL," the

16  portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed

17  in a sealed envelope on which the following legend shall prominently appear:

18  **Albrecht vs. BRIDGESTONE AMERICAS,**
**USDC – CASE NO.: 2:10-CV-03236-FCD-GGH**

19  CONFIDENTIAL - This envelope contains documents

20  or other material filed by the parties in this matter.  It
shall not be opened nor the contents thereof displayed or

21  revealed except by the Order of this Court.

22      B.    "CONFIDENTIAL MATERIAL" may be introduced into evidence,

23  if otherwise admissible, provided that it may only be done so during a hearing or

24  trial when counsel for the producing party is present, and subject to the producing

25  party's right to seek in-camera treatment of such documents.  Further, the Court

26  may take such steps as it deems reasonably necessary to preserve the

27  confidentiality of the documents or information.

28      C.    All writings submitted to or filed with the Court in connection with

1  any pre-trial proceeding that contain, set forth, summarize or otherwise disclose

2  "CONFIDENTIAL MATERIAL" shall be under seal in accordance with Section

3  V.A, and such documents shall not be publicly available, except by further order

4  of this Court.

5      D.      If any party or person who has obtained "CONFIDENTIAL

6  MATERIAL" under the terms of this Protective Order receives a subpoena or

7  other legal process commanding the production of any such "CONFIDENTIAL

8  MATERIAL" (the "Subpoena"), such party or person shall promptly notify

9  counsel for the producing party of the service of the Subpoena.  The party or

10  person receiving the Subpoena shall not produce any "CONFIDENTIAL

11  MATERIAL" in response to the Subpoena without either the prior written consent

12  of counsel for the producing party, or an order of a court of competent

13  jurisdiction.

14                              **VI.**

15      The producing parties anticipate producing large volumes of materials in

16  discovery in this matter, including collections of materials in the form of paper or

17  electronic documents, increasing the likelihood that information protected from

18  discovery by certain privileges or immunities, or "CONFIDENTIAL

19  MATERIAL" not marked as such, may be produced inadvertently.  Therefore, the

20  following provisions shall apply to the producing party's production of

21  information in this case:

22      **A**.      Inadvertent production of documents subject to the work-product

23  doctrine, the attorney-client privilege, the trade secret and proprietary business

24  information privilege, or other legal privilege, rule or doctrine protecting

25  information from discovery shall not constitute a waiver of the immunity or

26  privilege either for the inadvertently produced document or its subject matter (so-

27  called "subject matter waiver"), provided that the producing party shall notify the

28  receiving party in writing of such inadvertent production promptly upon

1  becoming aware of it.

2       **B.**     If reasonably prompt notification is made, such inadvertently

3  produced documents and all copies thereof, as well as all notes or other work

4  product reflecting the contents of such materials, shall be returned to the

5  producing party or destroyed, and such returned material shall be deleted from

6  any litigation-support file or database.  No use shall be made of such documents

7  during discovery or at trial nor shall they be disclosed to anyone who was not

8  given access to them before the request to return and destroy them.

9       **C.**     If any party contends that the notification of inadvertent production

10  was not "reasonably prompt," it shall notify the producing party in writing, and

11  will make no further use of such documents pending a resolution of their status by

12  the Court.  It shall be the burden of the producing party to move for a protective

13  order regarding the inadvertent production, and to demonstrate both that the

14  production was inadvertent, that reasonable diligence was exercised to identify the

15  inadvertently produced information, and that notification was made with

16  reasonable promptness after discovering the inadvertent production.

17       **D.**     The party returning or destroying such documents may move the

18  Court for an order compelling production of the material, but such motion shall

19  not assert the fact or circumstances of the inadvertent production as a ground for

20  entering such an order.

21       **E.**     Inadvertent failure to designate produced materials as

22  CONFIDENTIAL pursuant to the terms of Section I above shall not constitute a

23  waiver of the right to designate such materials CONFIDENTIAL provided that

24  the producing party shall notify the receiving party of such inadvertent failure to

25  designate promptly upon becoming aware of it.

26       **F.**     If reasonable notification is made of such failure to designate, such

27  inadvertently non-designated documents and all copies thereof, shall be returned

28  to the producing party or destroyed and such material shall be deleted from any

litigation-support file or database.  No use shall be made of such non-designated documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

**G.**     Any inadvertently produced document or documents provided to the Court pursuant to this Section VI shall not be considered a "court record" as defined in California Government Code §68151.

## VII.

A.     Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS. Deposition transcripts need not be returned if all CONFIDENTIAL portions have been destroyed or obliterated.

B.     It is the responsibility of any party receiving "Confidential Material" to obtain all copies of that material provided by that party to "Covered Persons," as defined in Paragraph I.H above, and to return that "Confidential Material" to Bridgestone Americas.

## VIII.

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing.  The producing party shall seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order.  Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order.  Nothing in this Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any

1   claim or affirmative defense in this matter.

2   **IX.**

3   A.     This Protective Order shall not preclude the parties from exercising

4   any rights or raising any objections otherwise available to them under the rules of

5   discovery and evidence.  Nothing contained in this Protective Order shall in any

6   manner change, alter or modify any of the rights of the producing party or any

7   other party under any other orders issued by any other courts concerning the

8   protection of CONFIDENTIAL MATERIALS and CONFIDENTIAL

9   information.  Nothing in this Protective Order shall limit the rights of parties to

10  apply for further protective orders or for modification of the terms of this

11  Protective Order.

12  B.     This Protective Order may not be waived, modified, abandoned or

13  terminated, in whole or in part, except by an instrument in writing signed by the

14  parties, or by Order of the issuing Court.  If any provision of this Protective Order

15  shall be held invalid for any reason whatsoever, the remaining provisions shall not

16  be affected thereby.

17  C.     This Protective Order shall be binding upon the parties hereto, upon

18  their attorneys, and upon the parties' and their attorneys' successors, executors,

19  personal representatives, administrators, heirs, legal representatives, assigns,

20  subsidiaries, divisions, employees, agents, independent contractors, or other

21  persons or organizations over which they have control.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**X.**

2        At the conclusion of this lawsuit, the Court shall retain jurisdiction of this

3    lawsuit for the enforcement of this Protective Order.

4        **IT IS SO AGREED AND STIPULATED:**

5

6    DATED:  February \_\_\_, 2011          LAW OFFICES OF NICK A. HANEY

7

8                                  By: _____

9                                       R. NICHOLAS HANEY
                                         Attorney for Plaintiff THOMAS
10                                      ALBRECHT

11

12   DATED:  February \_\_\_, 2011          LARSON, GARRICK & LIGHTFOOT, LLP

13

14                                 By: _____

15                                      MARY P. LIGHTFOOT
                                         Attorney for Defendants
16                                      BRIDGESTONE AMERICAS
                                          INC., BRIDGESTONE AMERICAS
17                                      TIRE OPERATIONS, LLC and
18                                      BRIDGESTONE RETAIL
                                         OPERATIONS, LLC
19

20       **IT IS SO ORDERED.**

21

22   DATED: February 14, 2011.

23

24                                 _____
                                      FRANK C. DAMRELL, JR.
25                                     UNITED STATES DISTRICT JUDGE

26

27

28

STIP AND PROTECTIVE ORDER RE: PRESERVATION AND INSPECTION OF PHYSICAL EVIDENCE